**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DUSTIN WIECEK,

      Petitioner,                                   Civil No. 2:06-CV-12233
                                             HONORABLE ARTHUR J. TARNOW
v.                                          UNITED STATES DISTRICT JUDGE

BLAINE C. LAFLER,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL,
TAKING PETITIONER'S MOTION FOR BAIL UNDER ADVISEMENT, AND
REFERRING THE MATTER TO PRETRIAL SERVICES FOR AN INVESTIGATION
AND BOND RECOMMENDATION**

      Dustin Wiecek, ("petitioner"), presently confined at the Carson City Correctional

Facility in Carson City, Michigan, sought a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, in which he challenged his conviction for first-degree criminal sexual conduct,

M.C.L.A. 750.520b(1)(g).  Magistrate Judge Paul J. Komives issued a Report and

Recommendation (R & R) that the petition for writ of habeas corpus should be denied.

Petitioner filed objections to the R & R.  On August 25, 2009, this Court rejected in part

the Magistrate Judge's recommendation and conditionally granted the petition for writ of

habeas corpus, based on petitioner's first claim that he was denied his Sixth

Amendment rights to confrontation and to present a defense. *Wiecek v. Lafler,* No. 2009

WL 2616343 (E.D. Mich. August 25, 2009).

      Respondent has now filed a motion for a stay pending appeal.  Petitioner has

filed a response to the motion for a stay and also a motion to set bail.  For the reasons

that follow, the Court will deny the motion for a stay pending appeal.  The Court will

further take petitioner's motion for bail under advisement and will refer the matter to

Pretrial Services for an investigation and recommendation in relation to the appropriate

conditions for petitioner's release.

There is a presumption that a successful habeas petitioner should be released

from custody pending the state's appeal of a federal court decision granting habeas

relief, but this presumption may be overcome if the judge rendering the decision, or an

appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774

(1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F.

Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c).  Because habeas proceedings are

civil in nature, the general standards of governing stays of civil judgments should also

guide courts when they must decide whether to release a habeas petitioner pending the

state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely
> to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other
> parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner,

pending the state's appeal, federal courts are not restricted to consider only the

petitioner's risk of flight, but are authorized to consider traditional stay factors, including

the risk that petitioner would pose a danger to the public if released, the state's interest

in continuing custody and rehabilitation of the petitioner, the interest of the habeas

petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777.  The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78.  The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166.  Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case.  First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because he has failed to show either a strong likelihood of success on appeal or that he has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004).  Contrary to respondent's argument, the exclusion of the poem from the complainant's journal regarding her alcoholic blackouts clearly implicated petitioner's Sixth Amendment right to confrontation and his right to present a defense. *See Lewis v. Wilkerson,* 307 F. 3d 413 (6th Cir. 2002)(habeas petitioner's Sixth Amendment right to confrontation was violated when the trial court excluded portions of a rape victim's diary, pursuant to the Ohio Rape Shield statute); *See also Hargrave v. McKee,* 248 Fed. Appx. 718, 727 (6th Cir. 2007).  The complainant's poem concerning her alcoholic blackouts did not merely attack the complainant's general credibility, but was relevant to the issue of consent and

3

the complainant's physical ability to engage in sexual intercourse with petitioner, as well as the issue of the victim's improper motive to press charges against petitioner because of the shame that she felt about this incident. *Lewis,* 307 F. 3d at 420-21.  In addition, the complainant's poem about her history of alcoholic blackouts and attendant sexual behavior implicated Confrontation Clause concerns, because such evidence could have been used to attack the complainant's perceptions and memory of the events from the night in question. *Hargrave,* 248 Fed. Appx. at 726.  The proposed cross-examination, if successful, raised a strong possibility that the complainant's history of alcoholic blackouts "rendered her testimony unreliable regarding the very events at issue and, accordingly, was more similar to the possibility of unreliability raised by questions of motive or bias than to that raised by questions of general character for truthfulness." *Hargrave*, 248 Fed. Appx at 727.

Moreover, although permitting cross-examination on the statements in this poem could lead to a trial of the complainant's sexual history with other men, the trial court could minimize any danger of undue prejudice by admitting the evidence with a cautionary instruction and strictly limiting the scope of cross-examination concerning the complainant's sexual activity and reputation. *Lewis,* 413 F. 3d at 322, 323.  Accordingly, respondent has failed to show a strong likelihood of success on appeal or that he has a substantial case on the merits, in light of the Sixth Circuit's prior rulings in *Lewis* and *Hargrave.*

Secondly, respondent is not entitled to the issuance of a stay, because he has failed to show that he would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case.

*Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008); *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.

Finally, prolonging petitioner's incarceration on these charges to allow respondent time to file an appeal would be unjust following this Court's finding that the trial court's exclusion of the complainant's journal violated petitioner's Sixth Amendment rights to confrontation and to present a defense.  Petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting *Burdine*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of a stay pending appeal.

The Court will further take petitioner's motion for bail under advisement and will refer the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for Petitioner's release. *See Smith v. Jones,* No. 2007 WL 3408552, * 4 (E.D. Mich. November 15, 2007).

## **ORDER**

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal is DENIED.**

**IT IS FURTHER ORDERED that Petitioner's Motion for Bail is taken under advisement.**

5

**IT IS FURTHER ORDERED that the matter shall be referred to Pretrial**

**Services for an investigation and recommendation in relation to the appropriate**

**conditions for Petitioner's release**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 28, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of
record on September 28, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary